ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Willie J. Nunnery, an attorney licensed to practice law in the States of Louisiana and Wisconsin, based upon discipline imposed by the Supreme Court of Wisconsin.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The underlying facts of this matter are set forth in detail in the opinion of the Supreme Court of Wisconsin, which is reported as In the Matter of Disciplinary Proceedings Against Nunnery, 2007 WI 1, 725 N.W.2d 613 (January 4, 2007). Based on the evidence developed in that proceeding, the Supreme Court of Wisconsin concluded that respondent failed to reduce a contingent fee to writing, neglected legal *1086 matters, failed to communicate with clients, and failed to provide competent representations in violation of numerous Rules of the Wisconsin Rules of Professional Conduct for Attorneys. As a sanction, the Supreme Court of Wisconsin suspended respondent’s license to practice law for two months, effective February 6, 2007, with reinstatement conditioned upon respondent’s payment of the disciplinary proceeding costs and the sanctions imposed upon him by the trial court in one of the underlying matters.[1]
| ¡.After receiving notice of the order of the Supreme Court of Wisconsin, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the motion was a certified copy of the order of the Supreme Court of Wisconsin. On January 30, 2007, this court rendered an order giving respondent and the ODC thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Neither respondent nor the ODC filed a response to the court’s order.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
D. Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
|s(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
In determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461.
Applying the factors set forth in Supreme Court Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by the Supreme Court of Wisconsin. *1087 Although we may well have imposed greater discipline if this misconduct had occurred in Louisiana, we find it appropriate to defer to the determination made by Wisconsin, with which we share authority over respondent. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will impose a two-month suspension as reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Willie J. Nunnery, Louisiana Bar Roll number 15027, be suspended from the practice of law for a period of two months.

. The trial court assessed $16,473 in attorney fees as a sanction against respondent based on his filing of a frivolous employment discrimination claim.