ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Willie J. Nunnery,[1] an attorney licensed to practice law *266 in the States of Louisiana and Wisconsin, based upon discipline imposed by the Supreme Court of Wisconsin.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On July 21, 2009, the Supreme Court of Wisconsin imposed a three-year suspension of respondent’s license to practice law based on evidence of his misconduct in seven different client matters, including the conversion of estate funds; misrepresentation to clients, a tribunal, and the Wisconsin Office of Lawyer Regulation; failure to act with diligence; improper advances of funds to a client; and multiple instances of failure to properly communicate with clients. In re Disciplinary Proceedings Against Nunnery, 769 N.W.2d 858 (Wis.2009).
Respondent notified this court of his suspension in Wisconsin. Thereafter, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of|2the Supreme Court of Wisconsin. On September 1, 2009, we rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
D. Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
|3In determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461.
Applying the factors set forth in Supreme Court Rule XIX, § 21(D), we see no *267 reason to deviate from the sanction imposed by the Supreme Court of Wisconsin. Although we may well have imposed greater discipline if this misconduct had occurred in Louisiana, we find it appropriate to defer to the determination made by Wisconsin, with which we share authority over respondent. See, e.g., In re Zdravko-vich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will impose reciprocal discipline of a three-year suspension pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Willie James Nunnery, Louisiana Bar Roll number 15027, be suspended from the practice of law for a period of three years.

 Judge Benjamin Jones of the Fourth Judicial District Court, assigned as Justice Pro Tem-pore, participating in the decision.

. In 2007. this court imposed reciprocal discipline upon respondent in the form of a two-month suspension from the practice of law, based upon discipline imposed by the Supreme Court of Wisconsin, stemming from respondent’s failure to reduce a contingent fee to writing, neglect of legal matters, failure to communicate with clients, and failure to provide competent representations. In re: *266 Nunnery, 07-0175 (La.3/23/07), 951 So.2d 1085.