*851 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Willie J. Nunnery, an attorney licensed to practice law in the States of Louisiana and Wisconsin, based upon discipline imposed by the Supreme Court of Wisconsin.[1]
UNDERLYING FACTS AND PROCEDURAL HISTORY
On June 7, 2011, the Supreme Court of Wisconsin disbarred respondent for his misconduct in seventeen counts of formal charges filed by the Office of Lawyer Regulation. Respondent was found to have repeatedly failed to diligently pursue his clients’ cases, failed to keep clients informed, and ignored their repeated requests for information on their eases. Respondent also failed to cooperate with the Office of Lawyer Regulation in its investigation of these matters. The Supreme Court of Wisconsin determined that respondent’s misconduct was aggravated by a |2number of factors, most notably his lengthy prior disciplinary record. Based *852 upon these findings, the court concluded that it was required to impose “the severest level of discipline” available, namely the revocation of respondent’s license to practice law in Wisconsin. On September 1, 2011, the Supreme Court of Wisconsin denied respondent’s motion for reconsideration of the June 7, 2011 decision.
After receiving notice of the Wisconsin order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Wisconsin was attached to the motion, and subsequently, the entire record of the Wisconsin disciplinary proceeding was lodged with this court. On June 24, 2011, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent timely filed a response in this court, in which he asserted that he was denied due process in the Wisconsin disciplinary proceedings.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof ^establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
In the instant case, respondent has made no showing of infirmities in the Wisconsin proceeding, nor do we discern any from our review of the record. Furthermore, we find no reason to deviate from the sanction imposed by the Supreme Court of Wisconsin. Although we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred, nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/18/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Here, there is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that it involves multiple counts of failure to communicate with clients, neglect of legal matters, and failure to cooperate with the disciplinary agency, among other serious misconduct. Moreover, respondent has demonstrated a pat *853 tern of this type of misconduct, resulting in suspensions of his law license in 2007 and 2009. Under these circumstances, we agree that disbarment is warranted. ^Accordingly, we will impose the same discipline against respondent as was imposed in Wisconsin.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Willie James Nunnery, Louisiana Bar Roll number 15027, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.

 Chief Justice Kimball not participating in the opinion.

. Respondent has been the subject of two prior reciprocal discipline proceedings based upon discipline imposed by the Supreme Court of Wisconsin. In 2009, this court suspended respondent from the practice of law for three years based upon evidence of his misconduct in seven different client matters, including conversion of estate funds; misrepresentations to clients, a tribunal, and the Wisconsin Office of Lawyer Regulation; failure to act with diligence; improper advances of funds to clients; and multiple instances of failure to properly communicate with clients. In re: Nunnery, 09-1937 (La.11/6/09), 21 So.3d 265. In 2007, this court suspended respondent from the practice of law for two months, stemming from his failure to reduce a contingent fee to writing, neglect of legal matters, failure to communicate with clients, and failure to provide competent representation to clients. In re: Nunnery, 07-0175 (La.3/23/07), 951 So.2d 1085.